## LEVI v. UNITED STATES et al.

(Circuit Court of Appeals, Sixth Circuit.  June 10, 1924.)

No. 4013.

1. **Army and navy ☞51½, New, vol. 12A Key-No. Series—Action in marine form to substitute beneficiary treated as if brought under Tucker Act.**

   An action to establish rights as a beneficiary under a war risk insurance policy, brought by filing a libel under War Risk Insurance Act 1914, § 5 (Comp. St. § 514e), may be treated as if brought under the Tucker Act.

2. **Army and navy ☞51½, New, vol. 12A Key-No. Series—Right of widow to war risk insurance payments.**

   War Risk Insurance Act § 22(5), added by Act Oct. 6, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514mmm), providing that "the open and notorious illicit cohabitation of a widow who is a claimant shall operate to terminate her right to compensation," cannot be construed to apply to acts of the wife of a soldier before his death.

Appeal from the District Court of the United States for the Eastern District of Tennessee; Xenophen Hicks, Judge.

Suit by R. B. Levi against the United States and Bertha Elder Levi Schmid.  From a decree of dismissal, complainant appeals.  Affirmed.

Sam E. Whitaker, of Chattanooga, Tenn, for appellant.

E. H. Horton, of Washington, D. C., for appellee United States Veterans' Bureau.

Joseph H. Altaffer, of Chattanooga, Tenn., for appellee Schmid.

Before DENISON and DONAHUE, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM.  Claude Levi, a soldier, died, leaving a war risk insurance policy in which his wife, Bertha, was named as beneficiary. His father, R. B. Levi, was next of kin.  After several installment payments had been made to the widow (who had married Schmid), the father instigated proceedings before the Veterans' Bureau to have her rights declared forfeited and to have himself substituted as beneficiary for the remaining payments, on the ground that she had forfeited her rights because of her misconduct, as specified in section 22(5) of Act Sept. 2, 1914, c. 293, as added by Act Oct. 6, 1917, which reads:

"And the open and notorious illicit cohabitation of a widow who is a claimant shall operate to terminate her right to compensation or insurance, from the commencement of such cohabitation."  40 Stat. 401 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514, mmm).

The bureau made investigation, and decided that her right had not been terminated.  Thereupon the father filed in the court below a complaint, in the form of a libel in admiralty, against the United States, asking that forfeiture of the widow's rights and his substitution be decreed.  By amendment, the widow was brought in as a defendant.  The case having come on to be heard on the merits, and at the conclusion of the proofs offered by the father, the District Court dismissed the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proceeding, upon the ground that there had been no sufficient proof offered to show the specific misconduct which the statute denounces.

[1] 1. It is suggested that the true remedy of the plaintiff was an action under the Tucker Act (24 Stat. 505), instead of a proceeding in the specific form pointed out in section 5 (38 Stat. 711). The entire absence of any analogy between an admiralty case and such a claim as this, the presence of section 12 in the Act of October 6, 1917 (40 Stat. 398), the repeal of the original section 405 (40 Stat. 410) by the Act of May 20, 1918 (40 Stat. 556), and the amendment of section 5 so as to extend a part of its effect to accident and death insurance, as well as to marine insurance (Act of July 12, 1918; 40 Stat. 898), leave the question of procedure in confusion. We do not see that it is now material. If such a suit ought to be brought under the Tucker Act, this one can be considered as having been so brought, in spite of the marine form in which it was launched.

[2] 2. With an unsubstantial exception, all the misconduct alleged against the beneficiary occurred before her husband's death. Reasons are suggested to us why Congress probably, if it had paid attention to the distinction, would have intended to put the conduct of the wife while her husband was in the service in the same category as her misconduct after his death; other reasons are suggested tending to the contrary conclusion; but it is clear that Congress did not do this. It prescribed the results of conduct by a widow, and any interpretation of the language used by which it might reach misconduct by one who was at the time a wife, but has since become a widow, is, in our judgment, too forced a construction to be adopted.

3. This conclusion makes it unnecessary to determine whether the acts of misconduct alleged against the beneficiary constitute "open and notorious illicit cohabitation," within the meaning of the statute.

The judgment is affirmed.